Filed 10/10/25  P. v. Robinson CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B336978 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA086228) |
| v. | |
| ANTOWINE ROBINSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott Millington, Judge.  Affirmed.

Antowine Robinson, in pro. per.; Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Antowine Michael Robinson appeals from the judgment entered after he was resentenced pursuant to Penal Code section 1172.75.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Robinson filed a supplemental brief. We consider Robinson's contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2017, the People charged Robinson by third amended information with two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)); unlawful possession of ammunition (§ 30305, subd. (a)(1)); grossly negligent discharge of a firearm (§ 246.3, subd. (a)); and criminal threats (§ 422, subd. (a)). The information alleged that Robinson had suffered six prior convictions within the meaning of section 667.5, subdivision (b); two prior strikes within the meaning of the Three Strikes law; and two prior convictions within the meaning of section 667, subdivision (a)(1). As to three of the counts, the information alleged Robinson was out on bail at the time he committed the crimes (§ 12022.1). In addition, as to the charges for criminal threats and grossly negligent discharge of a firearm, the information alleged Robinson personally used a firearm within the meaning of section 12022.5, subdivision (a).

In February 2018, pursuant to a negotiated plea agreement, Robinson pled no contest to the criminal threats count.[2] Robinson admitted suffering one prior strike. He further admitted suffering one prior conviction under section 667

---

[1] All further undesignated statutory references are to the Penal Code.

[2] An earlier jury trial had resulted in a mistrial.

2

subdivision (a)(1), and one prior conviction under section 667.5, subdivision (b).  He admitted the section 12022.5, subdivision (a) firearm enhancement and the out-on-bail enhancement under section 12022.1.  The trial court imposed the negotiated sentence of 18 years, consisting of the upper term of three years on the substantive offense, doubled due to the prior strike; five years for the section 667, subdivision (a)(1) enhancement; one year for the section 667.5, subdivision (b) enhancement; the midterm of four years for the section 12022.5, subdivision (a) enhancement; and two years for the section 12022.1 enhancement.

In 2023, the trial court set the matter for resentencing pursuant to section 1172.75.  Robinson, through counsel, filed a motion seeking a full resentencing and the imposition of a reduced sentence.  Robinson asked the court to exercise its discretion under amended section 1385, subdivision (c) and amended section 12022.5 and sentence him to the middle term on the criminal threats charge, dismiss the section 12022.5, subdivision (a) and section 12022.1 enhancements, and strike the section 667.5, subdivision (b) enhancement.[3]

The People opposed Robinson's request and asked that the court strike only the section 667.5, subdivision (b) enhancement. The opposition referred to the underlying facts of the charged crimes, Robinson's prior criminal history, and the fact that Robinson "entered the disposition to avoid a third strike sentence and a retrial."

---

[3]     At the resentencing hearing, defense counsel appeared to instead ask that the court dismiss the section 667, subdivision (a)(1), section 667.5, subdivision (b), and section 12022.1 enhancements, and impose the middle term for the firearm enhancement, resulting in a sentence of eight years.

The trial court initially struck the section 667.5, subdivision (b) enhancement and set the matter for a further resentencing hearing.  The court also noted it had received a letter from the Department of Corrections and Rehabilitation suggesting the section 12022.1 out-on-bail enhancement was improperly imposed.  At the subsequent resentencing hearing, the trial court acknowledged the ameliorative changes to relevant sentencing laws.  The court reviewed Robinson's prior criminal history and determined the upper term and application of the prior strike remained warranted.  The trial court explained:

> "I . . . reviewed the probation report dated January 8th, 2013.  It should be noted that the defendant has the following prior convictions: A juvenile adjudication in 1999 for 148.9, in 2000, a 459.  [¶] . . . So adult convictions he has a 2001 11350, which is now a misdemeanor, 2002 a 14601.1, which is a misdemeanor, 2002, 653.23 misdemeanor, and 2002 a gun charge under 12031 (a)(1) where he received probation, and 2002 he received his first strike for a 12034 (d) where he got two years prison.  Then in 2004 he had a 10851 where he received two years prison, 2006 another gun charge for a 12021 (a)(1), 32 months state prison, so in that case his strike was used to double the sentence.  In 2008[,] a 14601.1 misdemeanor, in 2010 an attempted robbery in San Bernardino County, which is his second strike, and in 2011 a D.U.I. misdemeanor.

> "This crime alleged to have occurred on December 19th, 2012.  So when I look—I would look at anything with regards to . . . [*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497] as to how old the priors are, the remoteness of the priors, this crime occurred in 2012, so it's clear it's only shortly

4

after robbery in 2010, so it's not remote.  Therefore and based upon his prior record I'm not going to strike the strike in this matter."

The court sentenced Robinson to 15 years in state prison, consisting of the upper term of three years on the criminal threats count, doubled for the prior strike; the middle term of four years for the section 12022.5, subdivision (a) firearm enhancement; and five years for the section 667, subdivision (a)(1) enhancement.

Robinson timely appealed.  Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216.  We directed appellate counsel to send Robinson the record and a copy of the opening brief.  We additionally advised that within 30 days of the date of the notice, Robinson could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider.

In *Delgadillo*, our Supreme Court held that the "procedures set out in *Anders* [*v. California* (1967) 386 U.S. 738] and [*People v.*] *Wende* [(1979) 25 Cal.3d 436] do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.)  However, if the defendant files a supplemental letter brief, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Id*. at p. 232.)  Robinson timely submitted a supplemental brief.

5

## DISCUSSION

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The statute sets forth procedures for the identification of persons serving sentences that include now-invalid section 667.5, subdivision (b) enhancements, and for the recall of such sentences and resentencing. When resentencing a defendant, the trial court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The resentencing must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id*., subd. (d)(1).)

In his supplemental brief, Robinson contends the trial court should have dismissed or "reduced" the five-year prior, dismissed the firearm enhancement, and dismissed the prior strike. Robinson also argues that the trial court should not have used the prior strike to double the base term because he has already served 12 years of his sentence and the trial court should not have imposed the upper term "because of [the] enhancements that already gave [him] the max of time." Finally, Robinson asserts his defense counsel was ineffective and biased.

We review a trial court's decision declining to strike an enhancement under section 1385 for an abuse of discretion. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298; see also *People v. Carmony* (2004) 33 Cal.4th 367, 373.)  A court abuses its discretion if its decision is "so irrational or arbitrary that no reasonable person could agree with it" (*Carmony*, at p. 377), or if the decision is made without the sentencing court's informed discretion or the court is unaware of the scope of its discretionary powers.  (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*Carmony*, at p. 376.)

Aside from simply asserting that the trial court should have dismissed various enhancements or the prior strike, Robinson has not explained why this court should find the trial court's decision improper, irrational, or arbitrary.  In support of his request for resentencing in the trial court, Robinson did not identify specific evidence, factors, or changes in the law that would warrant or require the dismissal of specific enhancements in his case.  He did not ask the trial court to dismiss the prior strike.[4]  Generally, a party's failure to raise a sentencing issue in the trial court forfeits the issue on appeal.  (*People v. Scott* (1994)

---

[4]     Although Robinson asked the trial court to impose the middle term on the substantive offense, he did not argue that the trial court was prohibited from imposing the upper term. Defense counsel also indicated that the defense would not ask the trial court to review a file of what appeared to be Robinson's record while in custody.  Counsel explained: "We did not attach any portions of the C-file because it may not have been favorable to him."

9 Cal.4th 331, 352; *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [defendant's failure to seek lower term, object to imposition of higher term, or argue mitigating factors under amended § 1170, subd. (b)(6), forfeited claim on appeal].)

Moreover, while Robinson asserts his counsel was ineffective, he does not advance any factual or legal argument to support that claim. The record does not indicate why Robinson's counsel made some arguments and not others and we may not presume error. " ' "In order to prevail on [an ineffective assistance of counsel] claim on direct appeal, the record must affirmatively disclose the lack of a rational tactical purpose for the challenged act or omission." [Citation.]' [Citation.]" (*People v. Majors* (1998) 18 Cal.4th 385, 403.) We have no basis to reverse the trial court's sentencing decision.[5]

---

[5] We must also reject Robinson's argument that the trial court erred in applying the Three Strikes law to his sentence because he had served a significant portion of the original sentence. The trial court was permitted to consider whether Robinson's time served had reduced the risk of him engaging in future violence (§ 1172.75, subd. (d)(3)), but the amount of time already served did not prohibit the trial court from concluding it would not be in the interest of justice to strike the prior strike. Similarly, we are uncertain how to understand Robinson's assertion that imposition of the upper term was improper because the enhancements already gave him "the max of time." The total length of the sentence was a factor for the trial court to consider when deciding whether to dismiss enhancements and in determining an appropriate new sentence. (See, e.g., § 1385, subd. (c)(2)(C).) However, the record does not support the claim that Robinson's sentence was subject to a statutory maximum that prevented the trial court from re-imposing the upper term on the criminal threats count.

## DISPOSITION

The trial court judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

HANASONO, J.